# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:17-00186-CR-RK |
| RYAN S. LUSCOMBE, | ) ) ) |
| Defendant. | ) |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Before the Court is Defendant Ryan S. Luscombe's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 144). Under the First Step Act, a court may reduce a term of imprisonment after an inmate has fully exhausted all administrative rights and upon finding extraordinary and compelling reasons for such sentence modification. The Court finds Mr. Luscombe's request does establish his administrative remedies have been exhausted. The Government also concedes that due to Mr. Luscombe's medical condition, extraordinary and compelling reasons exist for early release. (Doc. 145, p. 5.) However, the Court must also consider whether Mr. Luscombe remains a danger to the community, such that his early release is not warranted.

"Guideline § 1B1.13(2) provides that compassionate release is appropriate only where 'the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).'" *United States v. Schmitt*, No. CR12-4076-LTS, 2020 WL 96904, at *5 (N.D. Iowa Jan. 8, 2020). Under 18 U.S.C. § 3142(g), the Court must consider four factors in determining whether the defendant might present a danger: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1)–(4).

Here, the Court finds Mr. Luscombe remains a danger to the community, such that granting him compassionate release is not warranted. Mr. Luscombe is correct in arguing that the Court

should not evaluate the factors as if he was being sentenced for the first time today. *See United States v. Millage*, No. 3:13-CR-234-SI, 2020 WL 2857165, at *5 (D. Or. June 2, 2020) (granting compassionate release motion, notwithstanding that the government focused on Mr. Millage's history of drug distribution, unlawful use of a weapon, and the domestic violence incident that resulted in his federal conviction, because "conditions of supervision should be enough to minimize risk and protect other persons and the community generally."). However, he provides no evidence that upon release he will not present a danger to the community. In fact, unlike in *Mileage*, where the defendant had completed over 90 percent of his sentence and completed several classes while in prison, Mr. Luscombe has completed less than 20 percent of his sentence and offers no evidence of any classes completed or other efforts to rehabilitate himself. *Id.* Mr. Luscombe's argument is nothing more than an assertion that he does not like prison and if released would not want to return. Mr. Luscombe's criminal history includes several instances of fraud and domestic violence. Further, during the trial for the conviction at issue here, Mr. Luscombe threatened and harassed witnesses. Because Mr. Luscombe has not presented convincing evidence of reform, the Court finds he remains a danger to the community. Therefore, his motion for compassionate release will denied.

Finally, Mr. Luscombe argues that he should be released because then he could begin work and start to pay back restitution to his victims. While the Court is not deaf to this argument, the Court finds Mr. Luscombe presents a danger of further fraud and the possibility of creating yet more victims to his crimes.

For these reasons, and the ones set forth in the Government's opposition (Doc. 145), it is hereby **ORDERED** that Mr. Luscombe's motion for compassionate release (Doc. 144) is **DENIED.**

**IT IS SO ORDERED.**

                                           s/ Roseann A. Ketchmark
                                           ROSEANN A. KETCHMARK, JUDGE
                                           UNITED STATES DISTRICT COURT

DATED: October 1, 2020